Hogan v. The State.

No. 8468.

HOGAN v. THE STATE.

LIQUOR LAW.—*Sale to Minor.—Evidence.—Verdict.*—Upon the trial of a defendant indicted for selling intoxicating liquor to a minor, the only evidence given was that of the prosecuting witness, who testified that he was, at the time of the trial, over twenty and under twenty-one years of age; that he had bought and drank whisky in the saloon kept by the defendant; that he never bought any from the defendant, or in his presence, and, on cross-examination, said he meant to tell the jury that he did not remember that the defendant had ever sold him a drink of whisky, or that he had ever bought a drink of whisky in defendant's house, or in his presence, with his knowledge or consent; *Held*, that the evidence was insufficient to sustain a verdict of conviction.

From the Wabash Circuit Court.

*W. G. Sayre* and *J. T. Hutchins*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton*, and *M. Good*, Prosecuting Attorney, for the State.

NIBLACK, J.—Michael Hogan, the defendant below and appellant here, was indicted, tried, found guilty by a jury and convicted for selling intoxicating liquor to one David Smith, a person under the age of twenty-one years.

The only question made here is upon the sufficiency of the evidence to sustain the verdict. David Smith, the person to whom it was charged the intoxicating liquor had been sold, testified that he was, at the time of the trial, over twenty, but under twenty-one, years of age ; that the appellant had a saloon in Lagro, in Wabash county, and did a general grocery and provision business in connection with it ; that he, witness, had, during the preceding year, bought and drank whisky in that saloon a number of times, but could not tell in what month he had bought the whisky, or of whom he had obtained it ; that sometimes he had paid for the whisky he drank there, and at other times others paid for it ; that, when he paid for whisky there, he supposed he paid ten cents a drink ; that he did not remember that the appellant ever sold him a drink of whisky, nor did he remember ever buying a drink at that saloon when the appellant was present ; that appellant, during the time referred to, had two clerks, who generally had charge of the saloon ; that the appellant gave a general attention to his business ; that witness was in business near by, and was frequently in the saloon ; that the saloon was in the rear of the grocery store ; that witness had seen the appellant at his place of business ; that appellant had once told witness that his (witness') father had told him, the appellant, to let witness have drinks, but that witness did not get any whisky, at the time, from the appellant, and did not remember having ever got any from him afterward.

On his cross-examination, the witness said that he meant to tell the jury that he did not remember that the appellant had ever sold him a drink of whisky in his life, or that he had ever bought a drink of whisky in appellant's house, or in his presence, with his knowledge or consent, and this was all the evidence given in the cause.

Granting that the jury may have been justified in accepting some of the statements of this witness, with more or

less incredulity, as they must have done, we are nevertheless of the opinion that the evidence was not sufficient to sustain the verdict. We are unable to formulate any theory upon which the jury were authorized to infer from the evidence, without reasonable doubt, that the appellant either sold, or authorized the sale of, intoxicating liquor to the witness. In this condition of the evidence, we think the court erred in rendering judgment on the verdict.

The judgment is reversed, and the cause remanded for a new trial.